**IN THE COURT OF APPEALS OF IOWA**

No. 23-1488
Filed December 4, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**FRED VALENZUELA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, John D. Telleen,

Judge.

        The defendant challenges his conviction for sexual abuse in the third

degree. **AFFIRMED.**

        Kent A. Simmons, Bettendorf, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney

General, for appellee.

        Considered by Greer, P.J., and Ahlers and Badding, JJ. Telleen, S.J., takes

no part.

**GREER, Presiding Judge.**

A jury found Fred Valenzuela guilty of third-degree sexual abuse pursuant to Iowa Code section 709.4(1)(a) (2020). On appeal, Valenzuela challenges the district court's denial of his motion for new trial, arguing the court abused its discretion when it weighed the evidence because it relied on its sympathy for the complaining witness when determining credibility.

**I. Background Facts and Proceedings.**

Valenzuela was charged with third-degree sexual abuse after A.R. alleged that while she was visiting Davenport with Valenzuela's fiancée, Valenzuela, and some others staying in a different hotel room, Valenzuela got into bed with her while she slept. When she awoke, her pants and underwear were pulled down and she felt Valenzuela trying to insert his penis into her vagina. Valenzuela admitted at least one sex act occurred, *see* Iowa Code § 702.17, but claimed A.R. was awake and consented to engaging in sex acts with him. Following a four-day jury trial, the jury found Valenzuela guilty as charged, concluding he performed a sex act by force or against A.R.'s will.

Valenzuela moved for new trial, arguing the greater amount of credible evidence weighed against the verdict. *See* Iowa R. Crim. P. 2.24(2)(b)(6). The district court orally denied the motion before sentencing in May 2022, stating:

> [W]hen considering the arguments regarding the sufficiency of the evidence, I do believe there was sufficient evidence to support the jury's verdict.
>
> The bottom line is the jury chose to believe [A.R.'s ] testimony over the denial by Mr. Valenzuela, and . . . it was a consent case. There was no question that there was a sex act. There was just a question of whether or not it was consent.
>
> . . . .

. . . [T]hose kind of things are for the jury to determine, and there's—certainly, there was clear evidence to support their verdict. So the motion for new trial and for motion in arrest of judgment is denied.

Because of the court's reference to the sufficiency of the evidence rather than the weight of the evidence, the State conceded the wrong standard was applied when Valenzuela appealed the denial of the motion for new trial. In an order, our supreme court reversed the ruling and remanded for the district court to rule on the motion applying the correct standard.

On remand, the district court again denied Valenzuela's motion for new trial, stating:

Fred Valenzuela, [his fiancée,] and [A.R.] were sharing a hotel room at the Holiday Inn. They returned to the hotel room in the early morning hours and more drinking took place at the hotel room. . . . Both parties acknowledged in their post-trial motions and during the trial that this was a "he-said/she-said" case. [A.R.] testified that she had gone to sleep in one bed and she woke up to find the defendant had pulled down her yoga pants and she felt his penis against her buttock and her bra was pulled up. She was being sexually assaulted. Sexual contact certainly occurred as defendant's DNA was found in the crotch area of her yoga pants. It was defendant's testimony that this was a voluntary sexual encounter and he testified as to his recollection of various ways in which [A.R.] allegedly invited and encouraged his sexual advances. It was the defendant's general theme that [A.R.] only concocted the sexual assault story after [A.R.] and Mr. Valenzuela had been caught having sex in the bed next to his fiancé[e] . . . .
The Court recalls the testimony of [A.R.] quite vividly. The Court found her to be a very sympathetic and believable witness. During her testimony she was almost visibly shaking and appeared terrified to testify. The bottom line is that the Court believed her and it is apparent the jury did as well. Conversely, the Court recalls the testimony of Fred Valenzuela and the Court on the whole found it to be not credible and certain aspects of it inherently improbable. Further, the behavior of all three individuals immediately after the alleged assault and later that day are entirely consistent with the sexual assault having occurred, not a consensual relationship. For instance, in various text messages sent by [the fiancée] to [A.R.], [the fiancée] states "I'm so sorry," and "I probably won't be going back to

work." Once [A.R.] returned home, she immediately went to the hospital and obtained a sexual assault kit.

The Court certainly cannot find that "a greater amount of credible evidence" suggests that the verdict was a miscarriage of justice. In fact, after having considered the weight of the evidence and the credibility of the witnesses, the Court finds that the jury's verdict was amply supported by a greater amount of the credible evidence.

Valenzuela appeals the court's August 2023 denial of his motion for new trial.

**II. Standard of Review.**

"We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Stendrup*, 983 N.W.2d 231, 246 (Iowa 2022) (citation omitted). "This is a deferential standard, and we will not reverse the district court's ruling absent a 'clear and manifest abuse of discretion.'" *Id.* (quoting *State v. Neiderbach*, 837 N.W.2d 180, 216 (Iowa 2013)).

**III. Discussion.**

Here, Valenzuela argues the district court abused its discretion because its denial of his motion for new trial was based on the district court's sympathy for A.R. rather than a proper weighing of the credible evidence. Valenzuela generally continues to advocate that his version of the incident is more believable while A.R.'s testimony should be viewed with suspicion and discredited. But our job is not to reweigh the evidence. *See id.* at 246. The jury, who viewed the witnesses and heard from them first-hand, found A.R. more credible than Valenzuela. *Cf. In re Marriage of Udelhofen*, 444 N.W.2d 473, 474 (Iowa 1989) ("[A] first-hand observer of witnesses[] holds a distinct advantage over an appellate court, which

necessarily must rely on a cold transcript."). And, the district court found no issue with the jury's conclusion, noting it also found A.R. credible and detailing other trial evidence that corroborated her testimony. We agree with Valenzuela that the district court's legal determination regarding his motion for new trial cannot be based on sympathy for a complaining witness, but that is not what happened here. Because the district court did not abuse its discretion, we affirm the denial of Valenzuela's motion for new trial.

**AFFIRMED.**